TILLIE BOOKE, Plaintiff, *v.* DIME SAVINGS BANK, Defendant.

Supreme Court, Special Term, Kings County, November 19, 1953.

*Hutton & Holahan* for defendant.

*James E. Bennett* for plaintiff.

ARKWRIGHT, J. This is an application by the defendant, the Dime Savings Bank of Brooklyn, under paragraph (a) of subdivision 6 of section 239 of the Banking Law, for an order

amending the proceeding in this action by making Morris Booke a party to this action and interpleading him as a defendant herein.

The plaintiff, Tillie Booke, the wife of Morris Booke, alleges in her complaint that on July 1, 1953, she had on deposit with the defendant bank the sum of $4,000; that her passbook was either lost or stolen and came into the possession of her husband; that defendant bank was notified of such fact, which it acknowledged in a letter to plaintiff; that after such notice and on the said day the defendant erroneously and as a result of a forgery by the husband paid the $4,000 to plaintiff's husband; and that such payment was made solely through the negligence and carelessness of defendant. The plaintiff demands judgment for the sum of $4,000 with interest, and costs.

It appears that Morris Booke then deposited the $4,000 in the defendant bank in his own name in trust for Dorothy Booke, the daughter of plaintiff and said Morris Booke.

Paragraph (a) of subdivision 6 of section 239 of the Banking Law provides: "In all actions against any savings bank to recover moneys on deposit therewith, if there be any person or persons, not parties to the action, *who claim the same fund,* the court * * * may, on the petition of such savings bank, * * * make an order amending the proceedings in the action by making such claimants parties defendant thereto;". (Emphasis supplied.)

The above-quoted provision is inapplicable since the action is not one where the two parties claim the same fund. The forgery is conceded. The plaintiff seeks judgment against defendant for negligence, and not to compel defendant to pay over the $4,000 on deposit in the name of the husband. The fact that the husband drew out the money and redeposited it in defendant's bank, and that it happens still to be there, is merely coincidental. Had plaintiff's husband not redeposited the $4,000, it is clear that the section of the Banking Law on which this motion is predicated would not be applicable.

Defendant's remedy is under section 193-a of the Civil Practice Act. Such section can only be availed of after an answer has been interposed by defendant.

The motion is denied, without prejudice.